

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Pet Timer
~~(OR PARTIES)~~ AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 11.5.12

DEPUTY CLERK

O



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

NOV - 5 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

RICHARD LEWIS TURNER,

                Petitioner,

            vs.

M. STAINER, Acting Warden,

               Respondent.

)
)
)
)
)
)
)
)
)
)
)

Case No. CV 11-7259-JPR

MEMORANDUM OPINION AND ORDER
DENYING PETITION AND DISMISSING
ACTION WITH PREJUDICE

### PROCEEDINGS

On September 1, 2011, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254, raising three claims for relief, one of which he later voluntarily dismissed. On July 31, 2012, Respondent filed an Answer with an attached memorandum. Petitioner did not file a reply. The parties consented to the jurisdiction of the undersigned U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons discussed below, the Court denies the Petition and dismisses this action with prejudice.

### BACKGROUND

Petitioner was imprisoned after pleading guilty to an

1

unspecified offense in 1979 and was released on parole on October 14, 2009.  (Pet. Attach. F at 1, 3.)  The special conditions of his parole included the requirements that he register as a sex offender under California Penal Code section 290.011 and that he not possess or have access to children's clothing.  (Lodged Doc. 3, Ex. E at 2-3.)  On March 5, 2010, Petitioner was arrested at his wife's residence for violating those two conditions.  (Pet. Attach. F at 2.)  On April 20, 2010, Petitioner received a nine-month prison term for violating his parole.  (Pet. "Attached Sheet #3.")

On July 27, 2010, Petitioner pleaded guilty to failing to register as a transient sex offender (Cal. Penal Code § 290.011(b)) and was sentenced to 44 months in prison.  (Pet. at 2; Lodged Docs. 1-2.)  He did not file a direct appeal.  (Pet. at 2-3 (noting that his filing in the court of appeal was a "petition for writ of habeas corpus").)

On December 17, 2010, Petitioner constructively filed a habeas petition in Los Angeles County Superior Court, claiming that California Penal Code section 290.011 was impermissibly applied to him retroactively because it was not in effect when he pleaded guilty, in 1979, and that he had been impermissibly denied mental health treatment while on parole, which had caused him to violate the terms of his parole.  (Oct. 24, 2012 Lodged Doc.)  On February 24, 2011, before the earlier petition had been ruled on, Petitioner constructively filed two more habeas petitions in Los Angeles County Superior Court.  (Lodged Docs. 3 & 5.)  The first claimed that "Petitioner was denied his rights to participate in [] parole outpatient clinic services under

2

1  California Code of Reg[u]lations, Title 15, Division 3, Article
2  9, Section 3610(a)" (Lodged Doc. 3, Attach. at 8) and that
3  Petitioner's counsel was constitutionally ineffective in failing
4  to adequately investigate potentially mitigating circumstances
5  regarding Petitioner's potential sentence before advising him to
6  plead guilty (id. at 9).[1]  The second February 24, 2011 petition
7  was substantially similar.  (See Lodged Doc. 5.)  On March 18,
8  2011, the superior court denied the December 2010 petition,
9  finding that even if certain parole conditions had been
10 unlawfully applied to Petitioner, they were "irrelevant to the
11 fact that petitioner failed to register his address with law
12 enforcement" and therefore did not undermine his conviction.
13 (Lodged Doc. 8, Attach. F at 6.)  On March 29, 2011, the court
14 denied the February 24, 2011 petitions for various reasons.
15 (Lodged Doc. 4.)  The court rejected petitioner's ineffective-
16 assistance-of-counsel claim on the merits.  (Id.)  One of
17 Petitioner's February 24 petitions was apparently forwarded to
18 the court again for decision (see Lodged Doc. 5 at 1 (showing
19 various file stamps indicating that it was received in the
20
21 ───────────────
22  [1]It appears that Petitioner may have earlier filed other
   superior court habeas petitions, challenging various aspects of his
   parole violations and his conviction for failure to register (see
23 Lodged Doc. 8, Attach. F at 5 (referencing February 8, 2011
   petitions)); those petitions have not been lodged with the Court.
24 They were denied on March 29, 2011: the superior court found that
   Petitioner's challenges to his parole conditions were moot because
25 he was no longer subject to them given that he had been
   reincarcerated for a new offense; the court noted that "plea
26 bargains are 'deemed to incorporate and contemplate not only the
   existing law but the reserve power of the state to amend the law or
27 enact additional laws for the public good and in pursuance of
   public policy.'"  (Id.)
28

appellate division on February 28, filed on April 1, and received in the "North District" on April 6)), and the court declined to rule on it, instead ordering that the court's earlier denial be re-sent to Petitioner.  (See Lodged Doc. 5 at 42.)

On April 11, 2011, Petitioner constructively filed a habeas petition in the California Court of Appeal, raising claims generally corresponding to grounds one and two of the federal Petition.  (Lodged Doc. 6.)  That petition was summarily denied on May 12, 2011.  (Lodged Doc. 7.)  On June 7, 2011, Petitioner constructively filed a habeas petition raising the same claims in the California Supreme Court, which summarily denied it on August 10, 2011.  (Lodged Docs. 8, 9.)

On September 1, 2011, Petitioner filed the instant Petition. It alleged three grounds for relief: (1) Petitioner's counsel was constitutionally ineffective in failing to adequately investigate whether Petitioner's parole was revoked for having failed to register as a sex offender before the statutory period for him to re-register had expired (Pet. at 5 & "Attached Sheet #1"); (2) Petitioner's due process rights were violated because his parole was revoked for having failed to register as a sex offender before the statutory period for him to re-register had expired (Pet. at 5 & "Attached Sheet #2"); and (3) Petitioner was punished twice for the same offense, thereby violating double jeopardy, by having his parole revoked and a nine-month sentence imposed and then being prosecuted criminally for the same conduct, resulting in a 44-month sentence  (Pet. at 5-6 & "Attached Sheet #3").  On April 18, 2012, after the Court issued a Report and Recommendation recommending that the Petition be

4

dismissed without prejudice because it was not fully exhausted unless within 21 days of the district judge's acceptance of the Report and Recommendation Petitioner voluntarily dismissed ground three, Petitioner requested that ground three be dismissed.   On April 20, 2012, the Court granted Petitioner's request, dismissed ground three of the Petition, vacated its Report and Recommendation, and ordered Respondent to file an Answer to the Petition.

## STANDARD OF REVIEW

Under 28 U.S.C. § 2254(d), as amended by AEDPA:

> An application for a writ of habeas corpus on behalf of
> a person in custody pursuant to the judgment of a State
> court shall not be granted with respect to any claim that
> was adjudicated on the merits in State court proceedings
> unless the adjudication of the claim — (1) resulted in a
> decision   that   was   contrary  to,   or   involved   an
> unreasonable application of, clearly established Federal
> law, as determined by the Supreme Court of the United
> States; or (2) resulted in a decision that was based on
> an unreasonable determination of the facts in light of
> the evidence presented in the State court proceeding.

Under AEDPA, the "clearly established Federal law" that controls federal habeas review of state-court decisions consists of holdings of Supreme Court cases "as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. 362, 412, 120 S. Ct. 1495, 1523, 146 L. Ed. 2d 389 (2000).

Although a particular state-court decision may be both "contrary to" and "an unreasonable application of" controlling

5

Supreme Court law, the two phrases have distinct meanings. <u>Id.</u>
at 391, 413.  A state-court decision is "contrary to" clearly
established federal law if it either applies a rule that
contradicts governing Supreme Court law or reaches a result that
differs from the result the Supreme Court reached on "materially
indistinguishable" facts. <u>Early v. Packer</u>, 537 U.S. 3, 8, 123 S.
Ct. 362, 365, 154 L. Ed. 2d 263 (2002).  A state court need not
cite or even be aware of the controlling Supreme Court cases, "so
long as neither the reasoning nor the result of the state-court
decision contradicts them." <u>Id.</u>

State-court decisions that are not "contrary to" Supreme
Court law may be set aside on federal habeas review only "if they
are not merely erroneous, but 'an <u>unreasonable</u> application' of
clearly established federal law, or based on 'an <u>unreasonable</u>
determination of the facts' (emphasis added)." <u>Id.</u> at 11.  A
state-court decision that correctly identified the governing
legal rule may be rejected if it unreasonably applied the rule to
the facts of a particular case. <u>Williams</u>, 529 U.S. at 406-08.
To obtain federal habeas relief for such an "unreasonable
application," however, a petitioner must show that the state
court's application of Supreme Court law was "objectively
unreasonable." <u>Id.</u> at 409-10.  In other words, habeas relief is
warranted only if the state court's ruling was "so lacking in
justification that there was an error well understood and
comprehended in existing law beyond any possibility for
fairminded disagreement." <u>Harrington v. Richter</u>, 562 U.S. ___,
131 S. Ct. 770, 786-87, 178 L. Ed. 2d 624 (2011).

Petitioner appears to have raised ground one, or some

1  semblance of it, in a habeas petition to the Los Angeles County
2  Superior Court, which denied it in a reasoned decision. (Lodged
3  Docs. 3-5.) He then raised it in subsequent petitions to the
4  court of appeal and supreme court, both of which summarily denied
5  it. (Lodged Docs. 6-9.) The Court "looks through" the state
6  supreme court's silent denial on habeas to the last reasoned
7  decision, in this case the superior court's decision, as the
8  basis for the state court's judgment and reviews Petitioner's
9  claim under the deferential AEDPA standard. See <u>Ylst v.</u>
10 <u>Nunnemaker</u>, 501 U.S. 797, 803-04, 111 S. Ct. 2590, 2595, 115 L.
11 Ed. 2d 706 (1991) (holding that California Supreme Court, by its
12 silent denial of petition for review, presumably did not intend
13 to change court of appeal's analysis); <u>Bonner v. Carey</u>, 425 F.3d
14 1145, 1148 n.13 (9th Cir. 2005) (applying <u>Ylst</u> in state habeas
15 context).[2]

16     Petitioner raised ground two in habeas petitions to the
17 state court of appeal and supreme court; the petitions were
18 summarily denied. (Lodged Docs. 6-9.) Because no reasoned
19 state-court decision exists as to ground two, the Court conducts
20 an independent review of the record to determine whether the
21 state supreme court, in denying the claim, was objectively
22 unreasonable in applying controlling federal law. See <u>Haney v.</u>

23

24     [2]The Court declines to adopt Respondent's position that the
25 "look through" doctrine applies only when the last reasoned
   decision on a claim imposed a procedural bar. (<u>See</u> Answer at 4-5.)
26 Nothing in <u>Ylst</u> limits its holding to that context; indeed, it
   explicitly states, "Where there has been one reasoned state
27 judgment rejecting a federal claim, later unexplained orders
   upholding that judgment or rejecting the same claim rest upon the
28 same ground." 501 U.S. at 803.

7

1  <u>Adams</u>, 641 F.3d 1168, 1171 (9th Cir.) (holding that independent
2  review "is not <u>de novo</u> review of the constitutional issue, but
3  only a means to determine whether the state court decision is
4  objectively unreasonable" (internal quotation marks omitted)),
5  <u>cert. denied</u>, 132 S. Ct. 551 (2011); <u>see also</u> <u>Richter</u>, 131 S. Ct.
6  at 784, 786 (holding that "petitioner's burden still must be met
7  by showing there was no reasonable basis for the state court to
8  deny relief," and reviewing court "must determine what arguments
9  or theories supported or . . . could have supported[] the state
10 court's decision[,] and then it must ask whether it is possible
11 fairminded jurists could disagree that those arguments or
12 theories are inconsistent with the holding in a prior decision of
13 [the Supreme Court]").

**DISCUSSION**

14
15 **I.   <u>Habeas relief is not warranted on Petitioner's ineffective-</u>**
16    **<u>assistance-of-counsel claim</u>**
17     Petitioner asserts that his trial counsel was
18 constitutionally ineffective by "provid[ing] bad advice,"
19 advising him to plead guilty without "investigat[ing] into
20 potential mitigating evidence," and "fail[ing] to provide
21 substitute counsel."  (Pet. at 5, "Attached Sheet #1.")
22     Under <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 104 S.
23 Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984), a petitioner claiming
24 ineffective assistance of counsel must show that counsel's
25 performance was deficient and that the deficient performance
26 prejudiced his defense.  "Deficient performance" means
27 unreasonable representation falling below professional norms
28 prevailing at the time of trial.  <u>Id.</u> at 688-89.  To show

1  deficient performance, the petitioner must overcome a "strong
2  presumption" that his lawyer "rendered adequate assistance and
3  made all significant decisions in the exercise of reasonable
4  professional judgment."  <u>Id.</u> at 690.  Further, the petitioner
5  "must identify the acts or omissions of counsel that are alleged
6  not to have been the result of reasonable professional judgment."
7  <u>Id.</u>  The initial court considering the claim must then "determine
8  whether, in light of all the circumstances, the identified acts
9  or omissions were outside the wide range of professionally
10  competent assistance."  <u>Id.</u>

11      The Supreme Court has recognized that "it is all too easy
12  for a court, examining counsel's defense after it has proved
13  unsuccessful, to conclude that a particular act or omission of
14  counsel was unreasonable."  <u>Id.</u> at 689.  Accordingly, to overturn
15  the strong presumption of adequate assistance, the petitioner
16  must demonstrate that the challenged action could not reasonably
17  be considered sound trial strategy under the circumstances of the
18  case.  <u>Id.</u>

19      To meet his burden of showing the distinctive kind of
20  "prejudice" required by <u>Strickland</u>, the petitioner must
21  affirmatively

22          show that there is a reasonable probability that, but for
23          counsel's unprofessional errors, the result of the
24          proceeding would have been different.  A reasonable
25          probability is a probability sufficient to undermine
26          confidence in the outcome.

27  <u>Id.</u> at 694; <u>see also</u> <u>Richter</u>, 131 S. Ct. at 791 ("In assessing
28  prejudice under <u>Strickland</u>, the question is not whether a court

1    can be certain counsel's performance had no effect on the outcome
2    or whether it is possible a reasonable doubt might have been
3    established if counsel acted differently."). A court deciding an
4    ineffective-assistance-of-counsel claim need not address both
5    components of the inquiry if the petitioner makes an insufficient
6    showing on one. Strickland, 466 U.S. at 697.

7         In Richter, the Supreme Court reiterated that AEDPA requires
8    an additional level of deference to a state-court decision
9    rejecting an ineffective-assistance-of-counsel claim:

10        The pivotal question is whether the state court's
11        application of the Strickland standard was unreasonable.
12        This is different from asking whether defense counsel's
13        performance fell below Strickland's standard.

14   131 S. Ct. at 785. The Supreme Court further explained,

15        Establishing that a state court's application of
16        Strickland was unreasonable under § 2254(d) is all the
17        more difficult. The standards created by Strickland and
18        § 2254(d) are both "highly deferential," . . . and when
19        the two apply in tandem, review is "doubly" so. The
20        Strickland standard is a general one, so the range of
21        reasonable applications is substantial. Federal habeas
22        courts must guard against the danger of equating
23        unreasonableness under Strickland with unreasonableness
24        under § 2254(d). When § 2254(d) applies, the question is
25        not whether counsel's actions were reasonable. The
26        question is whether there is any reasonable argument that
27        counsel satisfied Strickland's deferential standard.

28   Id. at 788 (citations omitted).

                              10

1    In general, when a criminal defendant pleads guilty to an
2  offense, he cannot later claim deprivations of constitutional
3  rights that occurred prior to the entry of his guilty plea.  See
4  Tollett v. Henderson, 411 U.S. 258, 266-67, 93 S. Ct. 1602, 1608,
5  36 L. Ed. 2d 235 (1973); see also Moran v. Godinez, 57 F.3d 690,
6  700 (9th Cir. 1994) (as amended) (foreclosing most preplea
7  ineffective-assistance-of-counsel claims), superseded by statute
8  on other grounds as recognized in McMurtrey v. Ryan, 539 F.3d
9  1112, 1119 (9th Cir. 2008).
10   The Supreme Court recently reaffirmed that when a petitioner
11 suffers prejudice because he rejected a plea based on his
12 lawyer's bad advice, he might be entitled to habeas relief.  See
13 generally Lafler v. Cooper, 566 U.S. ___, 132 S. Ct. 1376, 182 L.
14 Ed. 2d 398 (2012).  Here, of course, Petitioner accepted the plea
15 bargain he was offered, and therefore Lafler is not on point.  In
16 any event, even assuming that the underlying principle of Lafler
17 applies here, Petitioner's claim fails on the merits because he
18 has not met his burden to show that his plea was not voluntary or
19 the state courts' application of the Strickland standard was
20 unreasonable.
21   The superior court denied Petitioner's claim as follows:
22       An ineffective assistance of counsel claim may be
23   denied when the record shows that the omission or error
24   resulted from an informed tactical choice within the
25   range of reasonable competence.  Here the record is
26   devoid of any evidence that any of the tactical or
27   strategic decisions made by defense counsel resulted from
28   anything other than informed tactical choices within the

11

1    range of reasonable competence.  (<u>People v. Bunyard</u>,

2    (1988) 45 Cal. 3d 1189).

3  (Lodged Doc. 4 at 1.)  The superior court's holding was not

4  objectively unreasonable.  In his federal Petition, Petitioner

5  fails to specifically identify what evidence his counsel should

6  have uncovered with further investigation and how it would have

7  been helpful to his case, what advice his counsel gave him and

8  how it was "bad," or in what regard his counsel failed to provide

9  "substitute counsel."  On the face of the Petition, Petitioner is

10  not entitled to habeas relief.  <u>See</u> <u>Greenway v. Schriro</u>, 653 F.3d

11  790, 804 (9th Cir. 2011) ("cursory and vague" claims of

12  ineffective assistance of counsel "cannot support habeas

13  relief").

14    Although Petitioner does not state that he incorporates the

15  arguments from his earlier state petitions into the federal

16  Petition, even if the Court construes the Petition liberally to

17  do so, <u>see</u> <u>Allen v. Calderon</u>, 408 F.3d 1150, 1153 (9th Cir. 2005)

18  (courts must "construe pro se habeas filings liberally"),

19  Petitioner is still not entitled to habeas relief.  In his

20  February 24, 2011 superior court petitions, Petitioner alleged

21  that his counsel was ineffective in failing to investigate "a set

22  up or a conspiracy by parole agent D. Champlin and . . . the POC

23  doctor Kurger" to deny him mental health counseling and

24  medication, which he alleges would have prevented him from

25  violating his parole conditions.  (Lodged Doc. 3, Mem. P. & A. at

26  6-10.)  But Petitioner did not provide any evidence of this

27  alleged conspiracy other than his conclusory allegations, nor did

28  he state how the parole office's failure to provide mental health

treatment undermined his conviction or sentence.  He does not
claim that because of his mental condition he didn't understand
that he had to re-register; rather, he argues that his particular
circumstances did not require re-registration.  And nothing in
section 290.011 provides for a different registration requirement
or a lesser sentence for transient sex offenders undergoing
mental health counseling.  <u>See</u> Cal. Penal Code § 290.011.  Thus,
it was not objectively unreasonable for the superior court to
conclude that Petitioner's counsel's advice to plead guilty was
an "informed tactical choice within the range of reasonable
competence."  (Lodged Doc. 4 at 1.)

In his court of appeal and supreme court habeas petitions,
Petitioner refined his arguments to allege that his counsel was
deficient in failing to investigate or present the defense that
he was not guilty because he had five days to register his new
address after moving to a new residence and had been staying at
his wife's house for only three days before he was arrested.
(Lodged Doc. 6, Mem. P. & A. at 2-11; Lodged Doc. 8, Mem. P. & A.
at 1-13.)  Petitioner conceded that he told his counsel this
information (<u>see</u> Lodged Doc. 6, Mem. P. & A. at 3); his counsel,
apparently fully aware of Petitioner's contentions, nonetheless
advised him to plead guilty.  Petitioner states that counsel told
him that "the possible consequences of taking this case to trial
. . . would more likely result in Petitioner receiving the
maximum term . . . and the maximum penalty for being a second
striker."  (Lodged Doc. 8, Mem. P. & A. at 3.)

It was not objectively unreasonable for the state courts to
conclude that Petitioner's counsel's actions constituted sound

13

trial strategy.  See Barrios v. Dexter, No. CV 08-6411-GHK (DTB),
2010 WL 935756, at *9 (C.D. Cal. Mar. 12, 2010) (counsel not
deficient in advising petitioner to plead guilty when
petitioner's purported defense "gave rise to no viable defense").
A finder of fact may not have believed Petitioner's story that he
was living at his wife's house for only three "working" days.
Petitioner admitted that he charged his Global Positioning System
("GPS") tracking device and ate meals at his wife's house, and
that it was difficult for him to find other shelter.  (See Lodged
Doc. 6, Mem. P. & A. at 2, 4-6.)  Moreover, Petitioner's GPS
showed that "on several different dates" in the month leading up
to his arrest he spent more than 24 hours at a time at his wife's
house.  (See Lodged Doc. 8, Attach. A.)  Petitioner's medications
and mail were found in one of the home's bedrooms, along with
men's clothing.  (Id.)  Under the circumstances, it was
reasonable for his attorney to conclude that the judge or a jury
would not have found Petitioner's assertions to the contrary
credible (particularly given that Petitioner was a convicted sex
offender) and may well have sentenced him to a longer sentence
than the 44 months Petitioner received as a result of his guilty
plea.  Because the state courts' rejection of Petitioner's
ineffective-assistance claim was not objectively unreasonable,
Petitioner is not entitled to habeas relief.  See also Lambert v.
Blodgett, 393 F.3d 943, 982 (9th Cir. 2004) ("Courts have
generally rejected claims of ineffective assistance premised on a
failure to investigate where the . . . additional evidence was
unlikely to change the outcome at trial."); Jackson v. Calderon,
211 F.3d 1148, 1154-55 (9th Cir. 2000) (finding no prejudice from

1  counsel's alleged failure to investigate when petitioner did not
2  meet his burden to present evidence that investigation would have
3  revealed favorable evidence).

4  **II.  Habeas relief is not warranted on Petitioner's second claim**

5       Respondent construes ground two as a challenge to the
6  sentence Petitioner received for violating his parole conditions
7  and argues that such a claim is not cognizable because Petitioner
8  is currently in custody on a new criminal conviction, independent
9  of his parole revocation.  (See Answer at 9-10.)  If Respondent's
10 construction of Petitioner's claim is accurate, Respondent is
11 correct that Petitioner may not challenge a sentence on which he
12 is no longer in custody.  See Maleng v. Cook, 490 U.S. 488, 490-
13 91, 109 S. Ct. 1923, 1925, 104 L. Ed. 2d 540 (1989) (28 U.S.C.
14 § 2254(a) requires "that the habeas petitioner be in custody
15 under the conviction or sentence under attack at the time his
16 petition is filed" (internal quotation marks omitted)).  But as
17 the Court earlier noted in its Report and Recommendation
18 (see Docket No. 19 at 9-10), ground two may arguably be liberally
19 construed as a challenge to the sufficiency of the evidence
20 supporting Petitioner's criminal conviction for failure to
21 register, which appears to be how Petitioner framed this claim
22 before the California Supreme Court.  (See Lodged Doc. 8, Mem. P.
23 & A. at 7-10.)  That construction of the claim is consistent with
24 Petitioner's allegations as to ground one that his counsel was
25 ineffective for not making the very same arguments to challenge
26 his criminal conviction.  (See Pet. at 5, "Attached Sheet #1";
27 Lodged Doc. 8, Mem. P. & A. at 12.)

28      To the extent Petitioner's second claim can be construed as

1  challenging the sufficiency of the evidence to support his
2  failure-to-register conviction, however, it still fails because
3  he pleaded guilty to the offense and therefore cannot claim that
4  the prosecution's evidence was insufficient.  (See Lodged Doc. 2
5  at 1-2 (noting that Petitioner "knowingly, understandingly, and
6  explicitly" waived rights and pleaded guilty)); Tollett, 411 U.S.
7  at 266-67; Hector v. Poulos, 648 F. Supp. 2d 1194, 1197 (C.D.
8  Cal. 2009) ("A defendant who pleads guilty is convicted and
9  sentenced according to his plea and not upon the evidence.");
10  Martin v. Dexter, No. EDCV 08-00693-DOC (MLG), 2008 WL 4381519,
11  at *7 (C.D. Cal. Sept. 23, 2008) ("By pleading guilty . . .
12  Petitioner effectively waived any claim that his constitutional
13  rights were violated as to pretrial matters, which includes a
14  challenge to the sufficiency of the evidence." (citing Tollett)).
15  Moreover, as outlined above, Petitioner has failed to show that
16  his counsel was constitutionally ineffective in advising him to
17  plead guilty or that his plea was not voluntary as a result.  As
18  previously recounted, the evidence against Petitioner was quite
19  strong.  See Lambert, 393 F.3d at 984 (counsel not ineffective
20  for failing to investigate and uncover potentially exculpatory
21  evidence before advising petitioner to plead guilty in part
22  because evidence of guilt was overwhelming).  Thus, on
23  independent review, the Court finds that the state courts'
24  rejection of this claim was not objectively unreasonable.
25
26
27
28

1

**ORDER**

2     IT THEREFORE IS ORDERED that Judgment be entered denying the

3 Petition and dismissing this action with prejudice.

4

5

6 DATED: November 5, 2012

7 JEAN ROSENBLUTH
  U.S. MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17